UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| STEVEN ALLEN BRENDE, <br><br> Petitioner, <br><br> vs. <br><br> DARIN YOUNG, WARDEN; AND MARTY JACKLEY, ATTORNEY GENERAL OF THE STATE OF SOUTH DAKOTA; <br><br> Respondents. | 4:16-CV-04084-KES <br><br> ORDER ON MOTION |

This matter is before the court pursuant to a petition for a writ of habeas corpus filed *pro se* by Steven Allen Brende pursuant to 28 U.S.C. § 2254.  See Docket No. 1.  All pretrial matters have been referred to this magistrate judge pursuant to the October 16, 2014, standing order of the Honorable Karen E. Schreier, district judge, and 28 U.S.C. § 636(b)(1)(A) and (B).

Mr. Brende has filed a motion for appointment of counsel, citing the facts that he is the plaintiff herein and that he is indigent.  See Docket No. 6.  "There is no recognized constitutional right under the Sixth Amendment for the appointment of counsel in habeas corpus cases."  Hoggard v. Purkett, 29 F.3d 469, 471 (8th Cir. 1994).  Because a habeas action is civil in nature, the Sixth Amendment right to counsel applicable in criminal proceedings does not apply. Id.

The statutory basis for the appointment of counsel in a habeas case is found at 18 U.S.C. § 3006A(a)(2)(B) and Rules 6(a) & 8(c), Rules Governing Section 2254 Cases in United States District Courts, 28 U.S.C. foll. § 2254. Those statutes provide in relevant part:

> **18 U.S.C. § 3006A(a)(2)(B):**
>
> (2)    Whenever the United States magistrate judge or the court determines that the interests of justice so require, representation may be provided for any financially eligible person who–
> \*\*
> (B) is seeking relief under section 2241, 2254, or 2255 of title 28
>
> **Rule 6(a):**
> If necessary for effective discovery, the judge must appoint an attorney for a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A.
>
> **Rule 8(c):**
> If an evidentiary hearing is warranted, the judge must appoint an attorney to represent a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A . . . These rules do not limit the appointment of counsel under § 3006A at any stage of the proceeding.

The appointment of counsel in a habeas case is discretionary when no evidentiary hearing is necessary. Hoggard, 29 F.3d at 471 (citations omitted). In this case, respondents have not yet responded to Mr. Brende's petition. It is not known whether an evidentiary hearing will be warranted. "In exercising its discretion, the district court should consider the legal complexity of the case, the factual complexity of the case, and the petitioner's ability to investigate and present his claims, along with any other relevant factors." Id. Most importantly, "where the issues involved can be properly resolved on the basis of

the state court record, a district court does not abuse its discretion in denying a request for court-appointed counsel."

The court concludes that Mr. Brende's motion for appointment of counsel is without merit at this point in the proceedings. He has not shown that his case is so factually or legally complex that the court would benefit from having counsel to articulate Mr. Brende's claims. Furthermore, the court has notified Mr. Brende and respondents of a possible statute of limitations issue in this case and has asked both parties to address that issue. In so doing, the court explained thoroughly the law applicable to the statute of limitations under AEDPA. See Docket No. 5. Mr. Brende has been directed to address the various factual events related to his conviction and subsequent state habeas proceedings. Id. No counsel is necessary to simply state forthrightly what events have occurred in Brende's case in state court. Accordingly, it is hereby

ORDERED that Mr. Brende's motion for appointment of counsel [Docket No. 6] is denied.

IT IS FURTHER ORDERED that Mr. Brende's request for transcripts is denied as premature.

DATED this 24th day of June, 2016.

BY THE COURT:

/s/ Veronica L. Duffy
VERONICA L. DUFFY
United States Magistrate Judge