UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| STEVEN ALLEN BRENDE,<br><br>                    Petitioner,<br><br>        vs.<br><br>DARIN YOUNG, WARDEN; AND MARTY JACKLEY, ATTORNEY GENERAL OF THE STATE OF SOUTH DAKOTA;<br><br>                    Respondents. | 4:16-CV-04084-KES<br><br><br>REPORT AND RECOMMENDATION |

**INTRODUCTION**

This matter is before the court pursuant to a *pro se* petition for a writ of habeas corpus filed by Steven Allen Brende pursuant to 28 U.S.C. § 2254.  See Docket No. 1.  All pretrial matters have been referred to this magistrate judge pursuant to the October 16, 2014, standing order of the Honorable Karen E. Schreier, district judge, and 28 U.S.C. § 636(b)(1)(A) and (B).

Pending is a motion to dismiss by respondents.  See Docket No. 17.  Also pending are numerous motions by Mr. Brende.  See Docket Nos. 13, 20, 27 & 28.

**FACTS AND PROCEDURAL HISTORY**

Mr. Brende was charged by indictment in state court with two counts of first-degree rape (SDCL § 22-22-1(1)), and two counts of sexual contact with a child under the age of 16 (SDCL § 22-22-7).  All four charges involved a single

child victim; all crimes were alleged to have taken place on a single occasion. Mr. Brende availed himself of his right to a jury trial on these charges. The jury found him guilty of all four counts. The state circuit court sentenced him to 50 years' imprisonment on each of the rape charges, and 15 years' imprisonment on each of the sexual contact charges, all four terms of imprisonment to run concurrently.

Mr. Brende timely appealed to the South Dakota Supreme Court. His appellate counsel raised three issues:

1.   Whether Mr. Brende's Fourteenth Amendment Due Process right to jury unanimity was violated by duplicity in the indictment.

2.   Whether there was sufficient evidence to support Mr. Brende's convictions. Specifically:

    a.   whether there was sufficient evidence of penetration to support both of the first-degree rape convictions and

    b.   whether there was sufficient evidence to prove that the crimes occurred within the dates alleged in the indictment.

3.   Whether the sentence imposed violated Mr. Brende's Eighth Amendment right to be free from cruel and unusual punishment.

The South Dakota Supreme Court rejected Mr. Brende's arguments on issues 1 and 3, but reversed the conviction on Count 2 of the indictment based on the argument in issue 2(a). The court held there was sufficient evidence of penetration to support one conviction for first-degree rape in Count 1, but not for the second first-degree rape conviction in Count 2. The case was remanded for further proceedings before the circuit court.

The state circuit court resentenced Mr. Brende, entering an amended judgment on October 30, 2013. See Docket No. 18-3. A judgment of acquittal

2

was entered on Count 2.  Id.  The sentences on Counts 1, 3, and 4 remained the same, all to again run concurrently, thus resulting in an effective sentence of 50 years.  Id.

Mr. Brende filed a *pro se* petition for a writ of habeas corpus in state court on November 6, 2013.  See Docket No. 18-4.  Habeas counsel was appointed to represent him and an amended petition was filed by counsel on September 4, 2014, that alleged numerous claims of ineffective assistance of counsel.  See Docket No. 18-5 at pp. 3-4.  Counsel's claims in support of the amended habeas petition were different from the claims Mr. Brende asserted in his *pro se* motion.  Compare Docket No. 18-4 at p. 2 with Docket No. 18-5 at p. 3.  Mr. Brende filed a *pro se* supplement to his counsel's amended petition asking the court to consider the supplemental claims in addition to the claims his counsel raised.  See Docket No. 18-6.

An evidentiary hearing was held on December 30, 2014, on both counsel's amended habeas petition and on Mr. Brende's supplement.  The circuit court denied relief on both sets of claims on February 17, 2015.  See Docket No. 18-7.  Mr. Brende's habeas counsel timely requested a certificate of probable cause on a single issue:  whether Mr. Brende's trial counsel was ineffective for failing to object to testimony from Colleen Brazil and Sioux Falls Police Detective Jon Carda, and closing arguments from the prosecutor, all of which were alleged to have unfairly vouched for the credibility of the child victim/witness in the case.  See Docket No. 18-8.  The circuit court issued a certificate of probable cause as to this single issue.  See Docket No. 18-9.

3

On September 18, 2015, Mr. Brende's counsel thereafter filed a timely notice of appeal to the South Dakota Supreme Court on this sole issue.  <u>See</u> Docket No. 18-10.  On May 31, 2016, the state supreme court affirmed the circuit court's denial of habeas relief.  <u>See</u> Docket No. 18-11.  Mr. Brende thereafter filed his federal habeas petition with this court on June 15, 2016. <u>See</u> Docket No. 1.  He raises the following four grounds for relief herein:

> I.      His state conviction or sentence violates federal law, [28] U.S.C. § 2244(d)(1)(d).  Incompetence of counsel—attorney—pursuant to USC § 2244.D.(1)D.  "Attorney—not responding to announcement, statement or last closing argument."  Circuit court never responded to prosecutor's announcement for a dismissal of Count 2.  The state's doctor announced there was no rape and the victim was never examined and a mental doctor discriminated against his disability.  Counsel never responded to any of this. Mr. Brende asks the court to dismiss, overturn, reverse and acquit for lack of probable cause on all four counts of the indictment and because "I see a conspiracy in this case.  Their [sic] is conflict of interest base [sic] on what kind of case this is."  Mr. Brende alleges the Argus Leader newspaper reported a "SD man been found Guilty with '<u>no proof</u>.' "

> II.     Insufficiency of the evidence.  The state never presented DNA tests, semen tests, medical tests, pictures, eyewitnesses, statements or announcement of proof of a rape. Mr. Brende alleges there was spoliation of evidence, wrongful prosecution.  The state is required to turn over any favorable material evidence to the accused.  Mr. Brende asks the court to dismiss, overturn, reverse and acquit him on all four counts.

> III.    Pursuant to USCA #43--prosecutorial misconduct 341, 497 with Probable Cause.  Here, Mr. Brende reproduces verbatim a quote from a secondary legal source, not explaining how or why this quote applies to his case.  Then he asks for habeas relief on counts 1-4, stating "their [sic] is a conflict of interest on what kind of case this is.  Now the state courts accused me of this crime and the victim and the court cannot come up with supporting evidence to all the material evidence, testimony, announcement or statement and their [sic] not sufficiency proof of evidence that said Steven Brende did this crime!"

> IV.     Pursuant to USCA Amend 5 and 6, and Art V § 5
> Grounds for dismissal of appeal, dismissal pleadings.  Here, Mr.
> Brende cites to <u>Polluck v. Minneapolis & St. Louis RR Co.</u>, 180
> N.W. 61 (S.D. 1920).  The citation is followed by a litany of general
> phrases without any explanation or clue as to how those phrases
> apply to Mr. Brende's case or what facts he alleges in support of
> those phrases:  "false reporting to authorities, falsification of public
> records, Tampering with a witness—Felony. Conduct fored [sic] or
> under thret [sic] of force.  Dismissal of charges if investigation
> show no probable cause.  Finding of discriminatory or unfair
> practice, cease desist order, Affirmative action required, Right to
> proceed by civil action in lieu of hearing, and proceed on default by
> the respondents.  Reporting false statement, reporting false police
> report."  Mr. Brende then asks to overturn, reverse or acquit him
> on all four counts because "their [sic] is a conflict of interest on
> what kind of case this is."

<u>See</u> Docket No. 1.

The court ordered respondents and Mr. Brende to file briefs addressing

the timeliness of Mr. Brende's petition.  <u>See</u> Docket No. 5.   Mr. Brende did not

respond to this order, but respondents did.  <u>See</u> Docket No. 16.  Respondents

believe Mr. Brende's petition is timely.  <u>Id.</u>  The court agrees, now that the full

state court record has been made apparent together with the relevant timeline

of events.[1]

Respondents move to dismiss the entirety of Mr. Brende's habeas

petition, asserting two arguments:  (1) none of Mr. Brende's four grounds state

---

[1] The one-year AEDPA statute of limitations began running after
Mr. Brende's conviction became final following resentencing after his partial
victory on direct appeal.  That date was 30 days after October 30, 2013.  It
never actually began running then because Mr. Brende filed his first state
habeas petition on November 6, 2013, thus tolling the AEDPA statute of
limitations.  That application for post-conviction relief remained pending until
the South Dakota Supreme Court denied Mr. Brende's appeal of the denial of
habeas relief on May 31, 2016.  Mr. Brende filed his federal habeas petition on
June 15, 2016.  Only a few days of the one-year limitations period ran before
Mr. Brende filed his petition with this court.

a claim which would entitle him to relief and (2) he has procedurally defaulted his claims and has not shown cause and prejudice to excuse that default.  See Docket Nos. 17 and 18.

## DISCUSSION

### A.      Standard Applicable to Rule 12(b)(6) Motions.

The respondents' motion to dismiss is based on FED. R. CIV. P. 12(b)(6), which allows dismissal if the petitioner has failed to state a claim upon which relief can be granted.  Petitioners must plead "enough facts to state a claim to relief that is *plausible* on its face."  Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)(emphasis added).

Under Federal Rule of Civil Procedure 8(a)(2), a petitioner must plead only "a short and plain statement of the claim showing that the pleader is entitled to relief."  Id. at 554-55 (quoting FED. R. CIV. P. 8(a)(2)).  A complaint does not need "detailed factual allegations" to survive a motion to dismiss, but a plaintiff must provide the grounds for his entitlement to relief and cannot merely recite the elements of his cause of action.  Id. at 555 (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)).  There is also a "plausibility standard" which "requires a [petition] with enough factual matter (taken as true)" to support the conclusion that the [petitioner] has a valid claim.  Id. at 556.  The petition must contain sufficiently specific factual allegations in order to cross the line between "possibility" and "plausibility" of entitlement to relief.  Id.

There are two "working principles" that apply to Rule 12(b)(6) motions. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  First, courts are not required to

6

accept as true legal conclusions "couched as factual allegation[s]" contained in a petition.  Id. (citing Papasan, 478 U.S. at 286).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id. (quoting Twombly, 550 U.S. at 555).  Rule 8 "does not unlock the doors of discovery for a [petitioner] armed with nothing more than conclusions."  Iqbal, 556 U.S. at 678-79.

Second, the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Id. at 679 (quoting decision below Iqbal v. Hasty, 490 F.3d 143, 157-158 (2d Cir. 2007)).  Where the petitioner's allegations are merely conclusory, the court may not infer more than the mere possibility of misconduct, and the complaint has alleged–but has not "show[n]"–that he is entitled to relief as required by Rule 8(a)(2).  Iqbal, 556 U.S. at 679 (emphasis added).

The Court explained that a reviewing court should begin by identifying statements in the petition that are conclusory and therefore not entitled to the presumption of truth.  Id. at 679-680.  Legal conclusions must be supported by factual allegations demonstrating the grounds for a petitioner's entitlement to relief.  Id. at 679; Twombly, 550 U.S. at 555; FED. R. CIV. P. 8(a)(2).  A court should assume the truth only of "well-pleaded factual allegations," and then may proceed to determine whether the allegations "plausibly give rise to an entitlement to relief."  Iqbal, 556 U.S. at 679.

Pro se complaints are to be liberally construed.  Erickson v. Pardus, 551 U.S. 89, 94 (2007); Bediako v. Stein Mart, Inc., 354 F.3d 835, 839 (8th Cir.

2004).  However, even with liberal construction, "a *pro se* complaint must contain specific facts supporting its conclusions."  Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985); Ellis v. City of Minneapolis, 518 F. Appx. 502, 504 (8th Cir. 2013).  Civil rights complaints cannot be merely conclusory.  Davis v. Hall, 992 F.2d 151, 152 (8th Cir. 1993); Parker v. Porter, 221 F. Appx. 481, 482 (8th Cir. 2007).  These are the principles guiding the court's evaluation of respondents' motion.

**B.**    **Principles Generally Applicable to § 2254 Petitions.**

A state prisoner who believes he is incarcerated in violation of the Constitution or laws of  the United States may file a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Such petitions are governed by the Anti-Terrorism and Effective Death Penalty Act (AEDPA).  Under AEDPA, federal courts may exercise only a "limited and deferential review of underlying state court decisions."  Osborne v. Purkett, 411 F.3d 911, 914 (8th Cir. 2005). A federal court may not grant a writ of habeas corpus unless the state court's adjudication of a claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law."  28 U.S.C. § 2254(d)(1).  A state court decision is "contrary to" clearly established federal law if it "applies a rule that contradicts the governing law set forth in Supreme Court cases or if it confronts a set of facts that are materially indistinguishable from a decision of the Court and nevertheless arrives at a result different from the Court's precedent."  Williams v. Taylor, 529 U.S. 362, 405-06, (2000). A federal habeas court may not issue the writ merely because it concludes the

state court applied the clearly established federal law erroneously or incorrectly. Id. at 411. "Rather, that application must also be *unreasonable*." Id. (emphasis added).

The state court's factual findings are presumed to be correct, and a federal habeas court may not disregard the presumption unless specific statutory exceptions are met. Thatsaphone v. Weber, 137 F.3d 1041, 1045 (8th Cir. 1998); 28 U.S.C. § 2254(e). A federal habeas court "may not simply disagree with the state court's factual determinations. Instead it must conclude that the state court's findings lacked even fair support in the record." Marshall v. Lonberger, 459 U.S. 422, 432 (1983).

## C.     State Court Exhaustion.

Under ADEPA, federal habeas review of state court convictions is limited to claims the petitioner previously presented to the state courts for consideration:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
> > (A) the applicant has exhausted the remedies available in the courts of the state; or
> > (B)  (i) there is an absence of available State corrective process; or
> > (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
> * * *
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

See 28 U.S.C. § 2254(b) and (c).

9

"[T]he state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). If a ground for relief in the petitioner's claim makes factual or legal arguments that were not present in the petitioner's state claim, then the ground is not exhausted. Kenley v. Armontrout, 937 F.2d 1298, 1302 (8th Cir. 1991). The exhaustion doctrine protects the state courts' role in enforcing federal law and prevents the disruption of state judicial proceedings. Rose v. Lundy, 455 U.S. 509, 518 (1982). The Supreme Court has stated:

> Because "it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation," federal courts apply the doctrine of comity, which "teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter."

Rose, 455 U.S. at 518 (citation omitted).

The exhaustion rule requires state prisoners to seek complete relief on all claims in state court prior to filing a writ of habeas corpus in federal court. Federal courts should, therefore, dismiss a petition for a writ of habeas corpus that contains claims that the petitioner did not exhaust at the state level. See 28 U.S.C. § 2254; Rose, 455 U.S. at 522. The exhaustion requirement is waived "only in rare cases where exceptional circumstances of peculiar urgency are shown to exist." Mellott v. Purkett, 63 F.3d 781, 784 (8th Cir. 1995).

A federal court must determine whether the petitioner fairly presented an issue to the state courts in a federal constitutional context. Satter v. Leapley,

10

977 F.2d 1259, 1262 (8th Cir. 1992).  "To satisfy exhaustion requirements, a habeas petitioner who has, on direct appeal, raised a claim that is decided on its merits need not raise it again in a state post-conviction proceeding."  Id.  "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  O'Sullivan, 526 U.S. at 845.  "A claim is considered exhausted when the petitioner has afforded the highest state court a fair opportunity to rule on the factual and theoretical substance of his claim."  Ashker v. Leapley, 5 F.3d 1178, 1179 (8th Cir. 1993).

Fairly presenting a federal claim requires more than simply going through the state courts:

> The rule would serve no purpose if it could be satisfied by raising one claim in the state courts and another in the federal courts. Only if the state courts have had the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding does it make sense to speak of the exhaustion of state remedies. Accordingly, we have required a state prisoner to present the state courts with the same claim he urges upon the federal courts.

Picard v. Connor, 404 U.S. 270, 276 (1971).  It is also not enough for the petitioner to assert facts necessary to support a federal claim or to assert a similar state-law claim.  Ashker, 5 F.3d at 1179.  The petitioner must present both the factual and legal premises of the federal claims to the state court. Smittie v. Lockhart, 843 F.2d 295 at 297 (8th Cir. 1988) (citation omitted). "The petitioner must 'refer to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue.' " Ashker, 5 F.3d at 1179.  This does not,

however, require petitioner to cite "book and verse on the federal constitution."
<u>Picard</u>, 404 U.S. at 278 (citing <u>Daugharty v. Gladden</u>, 257 F.2d 750, 758 (9th Cir. 1958)).  The petitioner must simply make apparent the constitutional substance of the claim.  <u>Satter</u>, 977 F.2d at 1262.

The South Dakota Supreme Court decided the issue of the sufficiency of the evidence on Mr. Brende's direct appeal.  <u>See</u> <u>Brende</u>, 835 N.W.2d at 140-44.  "To satisfy exhaustion requirements, a habeas petitioner who has, on direct appeal, raised a claim that is decided on its merits need not raise it again in a state post-conviction proceeding."  <u>Satter</u>, 977 F.2d at 1262.  The sufficiency of the evidence claim alleged in Ground II in Mr. Brende's federal habeas petition is, therefore, fully and properly exhausted.

Mr. Brende has not, however, properly exhausted *all* of his federal habeas claims.  Although Mr. Brende went through one complete round of trial-court-to-appellate-court review on his application for habeas relief, he completely exhausted on only one habeas issue:  whether state witnesses and the prosecutor unfairly vouched for the credibility of the child witness/victim.  He has not raised that issue, properly exhausted, in his federal habeas petition.  <u>See</u> Docket No. 1.  Mr. Brende never requested a certificate of probable cause from the circuit court and from the South Dakota Supreme Court on the issues contained in Grounds I, III, and IV in his federal habeas petition. The South Dakota Supreme Court was therefore never presented with the claims for relief alleged in Grounds I, III, and IV of Mr. Brende's federal habeas petition.  Mr. Brende's failure to pursue review of these issues in state

appellate court prevented him from giving the state courts "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process" as to these three grounds. O'Sullivan, 526 U.S. at 845; Wiegers v. Weber, 37 Fed. Appx. 218, 219-20 (8th Cir. 2002) (unpublished) (prisoner's failure to timely appeal denial of state habeas resulted in failure to give South Dakota one full opportunity to resolve any constitutional issue by invoking one complete round of South Dakota's established appellate process).  Because he did not request a certificate of probable cause from the circuit court and from the South Dakota Supreme Court on Grounds I, III, and IV of his federal habeas petition, Mr. Brende has failed to properly exhaust these issues.  The time for doing so has long since passed.  See SDCL § 21-27-18.1 (30 days after denial of habeas relief allowed for seeking a certificate of probable cause from the circuit court or 20 days from the circuit court's denial of a certificate to petition the supreme court).[2]

---

[2] SDCL § 21-27-18.1 provides in pertinent part:

> A final judgment or order entered under this chapter may not be reviewed by the Supreme Court of this state on appeal unless the circuit judge who renders the judgment or a justice of the Supreme Court issues a certificate of probable cause that an appealable issue exists.  A motion seeking issuance of a certificate of probable cause shall be filed within thirty days from the date the final judgment or order is entered.  The issuance or refusal to issue a certificate of probable cause is not appealable.  However, a party may, upon the circuit court judge's refusal to issue a certificate of probable cause, file a separate motion for issuance of a certificate of probable cause with the Supreme Court within twenty days of the entry of the circuit judge's refusal. . . .

See SDCL § 21-27-18.1.

Mr. Brende has no non-futile remedy available in state court to exhaust Grounds I, III, and IV.  Therefore, the court turns to the issue of procedural default.

**D.    Procedural Default.**

Closely related to the doctrine of state court exhaustion is the doctrine of procedural default.  While the exhaustion rule asks *whether* a petitioner has exhausted his remedies in state court, the procedural default rule asks whether the petitioner has *properly* exhausted those remedies—"whether he has fairly presented his claims to the state courts."  O'Sullivan, 526 U.S. at 848.

Procedural default is sometimes called the "adequate and independent state grounds" doctrine.  A federal habeas petitioner who has defaulted his federal claims in state court by failing to meet the state's procedural rules for presenting those claims has committed "procedural default."  Coleman v. Thompson, 501 U.S. 722, 731-32, 735 n.1. (1991).  If federal courts allowed such claims to be heard in federal court, they would be allowing habeas petitioners to perform an "end run" around state procedural rules.  Id. However, where no further non-futile remedy exists in state court, it is not feasible to require the petitioner to return to state court as would be the case in a dismissal for failure to exhaust state remedies.  See also Ruiz v. Norris, 71 F.3d 1404, 1409 (8th Cir. 1995) ("A district court need not consider the merits of a procedurally defaulted claim.") (citations omitted).

14

"Adequate and independent state grounds" exist for the state court's decision if the decision of the state court rests on a state law ground that is independent of the federal question and adequate to support the judgment. Coleman, 501 U.S. at 729.  "This rule applies whether the state law ground is substantive or procedural." Id. at 729.  "[A] state procedural ground is not adequate unless the procedural rule is strictly or regularly followed." Johnson v. Mississippi, 486 U.S. 578, 587 (1988).

Both exhaustion and procedural default are animated by the same principles of comity—that is, in our dual system of government, federal courts should defer action on habeas matters before them when to act on those petitions would undermine the state courts' authority, which have equal obligations to uphold the constitution.  See Coleman, 501 U.S. at 731 (quoting Rose, 455 U.S. at 518), overruled in part on other grounds by Martinez v. Ryan, ___ U.S. ___, 132 S. Ct. 1309 (2012),[3] superseded in part on other grounds by

---

[3] If a prisoner cannot raise a claim of ineffective assistance on direct appeal, and he was not given counsel, or given ineffective counsel, in state habeas proceedings, then procedural default does not bar a federal habeas court from hearing the prisoner's ineffective assistance claims.  Martinez v. Ryan, ___ U.S. ___, 132 S. Ct. 1309, 1318 (2012).  The Court in Coleman had previously held that the ineffectiveness of state habeas counsel does not provide cause to excuse a procedural default.  The Martinez opinion established a narrow exception to that rule:  inadequate assistance of counsel at the state habeas proceedings may establish cause.  Martinez, 132 S. Ct. at 1318.  Martinez applies where state law makes it "highly unlikely" that a defendant may meaningfully raise ineffective assistance claims on direct appeal.  Dansby v. Hobbs, 766 F.3d 809, 829 (8th Cir. 2014) (citing Trevino v. Thaler, 569 U.S. ___, 133 S. Ct. 1911, 1921(2013)).  South Dakota is such a state.  See State v. Craig, 850 N.W.2d 828, 838 (S.D. 2014). The Martinez exception does not apply here because Mr. Brende was represented by counsel during his state habeas proceedings and he has not alleged his state habeas counsel was ineffective.

statute as recognized in Duncan v. Atchison, 2014 WL 4062737 (N.D. Ill. Aug. 13, 2014).

In the Coleman case, the habeas petitioner, Coleman, had defaulted all of his federal claims by filing his notice of appeal from the state trial court three days late. Coleman, 501 U.S. at 727-28, 749. The state appellate court then refused to hear Coleman's appeal on the basis of his late-filed notice of appeal. Id. at 740. The Court held "[i]n all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Id. at 750. A showing of cause and prejudice, however, "may serve to excuse a procedural default and open the door to federal review of an applicant's otherwise defaulted claim." Wooten v. Norris, 578 F.3d 767, 777 (8th Cir. 2009).

To fit within the fundamental miscarriage of justice exception, the petitioner must make a showing of actual innocence. Schlup v. Delo, 513 U.S. 298, 321, (1995). A successful claim of actual innocence requires the petitioner to support his allegations with new, reliable evidence. Weeks v. Bowersox, 119 F.3d 1342, 1351 (8th Cir. 1997).

"The federal court looks to the last, reasoned state court opinion dealing with the claim to determine whether a specific contention is procedurally

16

defaulted.  If the last state court to be presented with a particular federal claim reaches the merits, it removes any bar that might otherwise have been available."  Clemons v. Luebbers, 381 F.3d 744, 750 (8th Cir. 2004) (citations omitted).

The last reasoned state court opinion addressing Mr. Brende's state habeas claims was from the South Dakota Supreme Court in May, 2016.  That court addressed the only claim that was before it:  the claim involving whether constitutional error occurred when Mr. Brende's trial counsel failed to object to the testimony of the two state's witnesses who allegedly vouched for the credibility of the child victim/witness and the prosecutor who allegedly did so in closing arguments.  See Docket Nos. 18-9, 18-10, and 18-11.  The issues Mr. Brende raises in this federal petition identified at Grounds I, III, and IV above are not this same issue.  Nor were Grounds I, III, and IV raised by Mr. Brende on direct appeal.  Thus, Grounds I, III, and IV are procedurally defaulted.  It is Mr. Brende's burden, then, to establish cause and prejudice to excuse his procedural default.

Mr. Brende filed a pleading on September 6, 2016, apparently addressing respondent's motion to dismiss.  See Docket No. 27.  He never alleges cause and prejudice.  Id.  He merely reiterates his belief that the state had no direct evidence against him in his original state court trial and that his trial counsel was ineffective.  Id.  This document does not establish cause and prejudice. This court recommends that Grounds I, III, and IV of Mr. Brende's federal

habeas petition be dismissed with prejudice because they are procedurally defaulted.

**E.      Ground II of Mr. Brende's § 2254 Petition**

Although Mr. Brende did exhaust one of the claims in Ground II by presenting it to the South Dakota Supreme Court on direct appeal, respondents move to dismiss this claim on the grounds that Mr. Brende has not stated a claim which would entitle him to relief.  The Rule 12(b)(6) standard requires Mr. Brende to state enough plausible facts, not legal conclusions, that, if true, would entitle him to habeas relief.  To apply the law, it is helpful to set forth verbatim Ground II from Mr. Brende's habeas petition:

**GROUND II**

1.  My state conviction or sentence violates the following constitutional right or other federal law:  <u>With Probable Cause, Pursuant to U.S.C.A. § 2254, 2, E(1) or (F).  Under Burden of proof, insufficiency of evidence.</u>

2.  **Supporting Facts:**  (State as briefly as possible the FACTS supporting Ground II.  State the facts clearly in your own words without citing cases or legal arguments).

<u>State Attorney, have no proof of evidence on D-N-A test report, seamen [sic] test report, medical test report, pictures, eyewitness, statement or announcement of proof, that said there was rape.  I see that there is spoliation of evidence, wrongful prosecution or power pointing on the evidence.  Their [sic] is conflict of interest, base [sic] on what kind of case this is.</u>
<u>Pursuant to U.S.C.A. Const. Amend 41, Const Art. 6, 32. State v. Zoss 1985, 360 N.W.2d 523 Constitutional Law» 268 (5) with probable cause" as state is required by due process clause to give defendant upon that defendant [sic] request access to any material evidence in state possession that is favorable to acused.  I ask this court to dismissal, [sic] overturn, revesed [sic] and acquittal</u>

> Brende Steven Allen on count 1, count 2 [sic] count 3, and count 4
> Please.

See Docket No. 1 at p. 6.

### 1.    Sufficiency of the Evidence—Due Process

The issue raised by Mr. Brende on his direct appeal to the South Dakota Supreme Court was whether the evidence at trial was sufficient to sustain Mr. Brende's four convictions.  See Brende, 835 N.W.2d at 140-45.  This argument had two components:  (1) whether there was sufficient evidence of sexual penetration of the child witness/victim to sustain both convictions for first-degree rape and (2) whether there was sufficient evidence that the four alleged crimes occurred during the time period charged in the indictment.  Id. As to the latter, the court affirmed the jury verdict.  Id.  As to the former, the court held only one allegation of penetration enjoyed sufficient evidentiary support in the record to sustain the jury verdict.  Id.  Therefore, the first-degree rape conviction for count 2 of the indictment was reversed with instructions to enter a judgment of acquittal on that count.  Id. at p. 146-47.  The first-degree rape conviction for count 1 of the indictment was affirmed.  Id.

Federal habeas relief for state prisoners is limited to claims asserting a violation of a federal constitutional provision, a federal law, or a federal treaty:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

See 28 U.S.C. § 2254(a).  The Supreme Court has held that "a state prisoner who alleges that the evidence in support of his state conviction cannot be fairly

characterized as sufficient to have led a rational trier of fact to find guilt beyond a reasonable doubt has stated a federal constitutional claim." Jackson v. Virginia, 443 U.S. 307, 321 (1979).

This is because the Constitution requires proof of guilt beyond a reasonable doubt for a criminal conviction. In re Winship, 397 U.S. 358, 364 (1970). This requirement stems from the Due Process clauses of the Fifth and Fourteenth Amendments. Id. The Due Process clause requires proof beyond a reasonable doubt in support of every essential element of the crime of conviction. Jackson, 443 U.S. at 313-14. Thus, in order to satisfy the Due Process clause, the jury has to have been instructed on the beyond-a-reasonable-doubt standard *and* the jury has to have rationally applied that standard to the evidence. Id. at 317-19. When a federal court reviews a sufficiency of the evidence claim as to a state court conviction, the appropriate standard to apply is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id. at p. 319, 324.

State court findings of fact are presumed correct in federal habeas actions unless the findings are based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. See 28 U.S.C. § 2254(d)(2). When the record contains evidence with conflicting inferences, the federal court must presume that the jury resolved the evidentiary conflicts in favor of the state even if the record does not affirmatively show the jury did so. Jackson, 443 U.S. at 326. The prosecution

20

need not have ruled out every hypothesis except that of the petitioner's guilt beyond a reasonable doubt.  Id.  A state appellate decision regarding sufficiency of the evidence is entitled to deference.  Id. at 323.  See also Lewis v. Jeffers, 497 U.S. 764, 783 (1990) ("a federal court should adhere to the Jackson standard even when reviewing the decision of a state appellate court that has independently reviewed the evidence, for the underlying question remains the same").

A state prisoner asserting a sufficiency of the evidence claim in federal habeas court faces a high bar because such claims are subject to a two-ply layer of judicial deference.  Coleman v. Johnson, 566 U.S. ___, 132 S. Ct. 2060, 2062 (2012).  The first layer of deference is to the jury, because it is the primary responsibility of the *jury* not a court to decide "what conclusions should be drawn from evidence admitted at trial."  Id.  A reviewing court on direct appeal may only overturn a jury verdict if "no rational trier of fact could have agreed with the jury."  Id. (quoting Cavazos v. Smith, 565 U.S. ___, 132 S. Ct. 2, 4 (2011) (*per curiam*)).  Second, when a federal habeas court reviews a state court decision, it may not overturn that "decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court.  The federal court instead may do so only if the state court decision was 'objectively unreasonable.' "  Id. (quoting Cavazos, 132 S. Ct. at 4).  Federal courts look to state law for "the substantive elements of the criminal offense."  Id. at 2064.  But the question of whether the quantum of evidence adduced at

trial is sufficient to satisfy the Due Process clause is "purely a matter of federal law." Id.

Applying this standard, the court notes that Mr. Brende is currently in custody only on counts 1, 3, and 4 of the indictment, having been acquitted of count 2. Therefore, the court examines the evidence in the record only as to counts 1, 3, and 4. In addition, the rules of exhaustion require that this court examine only those sufficiency of the evidence issues previously raised before the South Dakota courts. Therefore, this court examines only the issues raised before the state courts: (1) whether there was sufficient evidence of penetration in the record to support a single conviction on count 1 of first-degree rape and (2) whether there was sufficient evidence in the record to support all three convictions as to the date of the occurrence of the crimes.

### a.    Sufficiency of the Evidence to Support First-Degree Rape

Under South Dakota law, first-degree rape requires proof of an act of "sexual penetration." See SDCL § 22-22-1. South Dakota law defines "sexual penetration" as "an act, however slight, of sexual intercourse, cunnilingus, fellatio, anal intercourse, or any intrusion, however slight, of any part of the body or of any object into the genital or anal openings of another person's body."[4] See SDCL § 22-22-2. "Penetration can be inferred from circumstantial evidence and need not be proved by medical evidence." Brende, 835 N.W.2d at 140 (quoting State v. Toohey, 816 N.W.2d 120, 129 (S.D. 2012)). With regard to child victims, South Dakota law provides "a child's limited understanding of

---

[4] Fellatio is an oral sex act involving the use of the mouth or throat by one person upon the penis of another person.

[his or] her exact anatomical features does not negate the child's ability to provide circumstantial evidence that penetration occurred." Id. at p. 140-41 (quoting Toohey, 816 N.W.2d at 129).

The prosecution alleged at closing argument four acts attributed to Mr. Brende in support of its four charges: (1) Mr. Brende allegedly made the child place the child's penis in Mr. Brende's butt in the living room of Mr. Brende's house, (2) Mr. Brende allegedly performed oral sex on the child's penis; (3) Mr. Brende placed his penis in the child's butt crack, and (4) Mr. Brende touched the child's penis. The latter two allegations did not involve any allegation of penetration, so the South Dakota Supreme Court focused only on the evidence in the record with regard to the first two allegations in analyzing the sufficiency of the evidence in support of the first-degree rape conviction. Brende, 835 N.W.2d at 141-43.

There were two sources of evidence of penetration at trial: the child witness/victim's live in-person testimony and the forensic interview of the child witness/victim that was admitted as substantive evidence. Id. at 141. At trial, the child did not testify to the oral sex allegation on direct and he was not cross-examined about this topic either; but the oral sex allegation was made in the child's forensic interview. Id. In the forensic interview, the child stated Mr. Brende performed oral sex on him, and that the child's penis was both inside and outside of Mr. Brende's mouth. Id. The court held this testimony from the forensic interview was sufficient to sustain the sole first-degree rape conviction affirmed on direct appeal. Id.

The court held there was no other sufficient evidence to sustain a second conviction for first-degree rape. Id.  Two of the four allegations identified by the prosecutor in closing argument did not involve the necessary penetration. Id. at 141-43.  The final allegation, that the child was made to put his penis in Mr. Brende's butt, had been made in an out-of-court statement by the child, but he completely recanted this statement during his live in-court testimony. Id.  There was no evidence to suggest the child recanted this testimony during the trial due to intimidation, coercion, or any other untoward reason. Id. at 142.  Accordingly, the court held this allegation, recanted at trial, could not provide sufficient evidence for a second conviction of first-degree rape. Id. at 143.  This is why the court affirmed one of Mr. Brende's first-degree rape convictions based on the testimony as to oral sex and reversed with instructions to enter a judgment of acquittal on the second of Mr. Brende's original first-degree rape convictions. Id. at 144, 146-47.  Therefore, the one remaining conviction for first-degree rape against Mr. Brende rests solely on the out-of-court videotaped forensic interview of the child victim/witness.

There are numerous cases sustaining convictions on slim evidence in the face of a sufficiency of the evidence challenge. See e.g. Robinson v. LaFleur, 225 F.3d 950, 954 (8th Cir. 2000) (rejecting a habeas claim of insufficiency of the evidence where victim's testimony was the primary evidence against the defendant and defendant argued the testimony was neither believable nor trustworthy); Hill v. Norris, 96 F.3d 1085, 1088 (8th Cir. 1996) (rejecting sufficiency of the evidence habeas claim where the evidence was purely

24

circumstantial and there was an absence of hair, fingerprints, or body fluids tying the defendant to the crime); Harrington v. Nix, 983 F.2d 872, 874 (8th Cir. 1993) (testimony of accomplice was not constitutionally required to be corroborated and was sufficient to support the conviction under the Due Process clause); Miller v. Black, 597 F. Supp. 633, 634 (D. Neb. 1984) (single fingerprint of defendant found at the scene of the crime was sufficient to support conviction where prosecution witness testified doors to the crime scene were always locked, defendant testified one door was unlocked, and defendant's fingerprint was found within); Urquhart v. Lockhart, 557 F. Supp. 1334, 1337-38 (E.D. Ark. 1983) (uncorroborated testimony of victim, standing alone, was sufficient to sustain rape conviction).

Mr. Brende attacks the sufficiency of the evidence necessary to sustain his sole conviction for first-degree rape on the basis that the prosecution did not produce DNA evidence, semen tests, medical tests, pictures, or third-party eyewitness testimony in support of its allegation.  See Docket No. 1 at p. 6. But it is clear that the state is not required to produce any such evidence in order to sustain its conviction for first-degree rape.

In State v. Johnson, 860 N.W.2d 235, 249-50 (S.D. 2015), Johnson alleged there was insufficient evidence to sustain his first-degree rape conviction because the state had not produced any physical evidence of sexual penetration and the child victim's testimony about penetration was equivocal. The South Dakota Supreme Court rejected this argument, holding that "penetration can be inferred from circumstantial evidence and need not be

25

proved by medical evidence." Id. at 250 (quoting Toohey, 816 N.W.2d at 129). Federal law parallels South Dakota state law on this issue.  See Loeblein v. Dormire, 229 F.3d 724, 726 (8th Cir. 2000) (child victim's testimony of molestation, standing alone, is sufficient to sustain the conviction); Hill, 96 F.3d at 1088 (absence of hair, fingerprint, or bodily fluid evidence tying defendant to the crime was not fatal to the sufficiency of the evidence). Therefore, the lack of DNA evidence, semen, medical tests, pictures, or third-party eyewitness testimony is not fatal to the first-degree rape conviction of Mr. Brende.  Furthermore, the court notes it would be unlikely that such evidence would exist for an act of oral sex performed in the privacy of defendant's home where the defendant performed the act on the child instead of vice-versa and the allegations did not come to light until some six months after the event.

More troubling to this court is the fact that the lone remaining conviction for first-degree rape against Mr. Brende rests solely on an out-of-court videoed statement.  In Loeblein, 229 F.3d at 725, Loeblein was convicted in state court of first-degree sexual assault and first-degree deviate sexual assault regarding allegations he had molested one of his daughters.  The daughter's testimony at trial often contradicted previous out-of-court statements she had made.  Id. at 726.  After exhausting his claims in state court, Loeblein sought federal habeas relief, arguing that his daughter's trial testimony constituted insufficient evidence to convict him.  Id.  The federal court rejected the argument, noting that a victim's testimony alone is "normally sufficient to sustain" a conviction.

26

Id.  The court acknowledged the victim's prior inconsistent statements, but held that these simply raised an issue of credibility for the trier of fact to consider.  Id.  The court held it could not conclude that no rational trier of fact could have believed the victim's in-court testimony.  Id.  The court also rejected Loeblein's argument that state law required the victim's testimony to be corroborated as state law is inapplicable in determining a matter of federal constitutional law.  Id. at 726-27.  The court held the state court's decision was neither contrary to nor involved an unreasonable application of federal law.  Id. at 726.

The Loeblein case is the mirror-image of this case.  In Loeblein, the trial testimony of the child, given under oath and subject to cross-examination, is the evidence which supported the jury's verdict.  Loeblein, 229 F.3d at 726.  It was the child's inconsistent out-of-court unsworn statements not subject to cross-examination which the jury disregarded.  Id.  Here, the opposite is true. The child victim in Mr. Brende's case never testified to the oral sex allegation at trial where the child's testimony would have been sworn and subject to cross-examination.  See Jury Trial Transcript, Vol. 3, at pp. 22-60.  Instead, the oral sex allegation was substantiated only by the forensic interview of the child conducted out of court, unsworn, and not subject to cross-examination. Brende, 835 N.W.2d at 136, 141.

In Loeblein, the federal habeas court held the state court's reliance on the child witness' sworn courtroom testimony, subject to cross-examination, was reasonable to withstand a challenge to the sufficiency of the evidence.

Loeblein, 229 F.3d at 726.  Here, the South Dakota Supreme Court relied on the child witness' unsworn out-of-court testimony, *not* subject to cross-examination, to sustain the conviction in the face of a sufficiency of the evidence challenge.  Brende, 835 N.W.2d at 141.  This court has not found a similar case under similar facts where the conviction was upheld on habeas review.

Were this court faced with a *tabula rasa* and asked to make a finding of fact as to Mr. Brende's guilt solely on the basis of an unsworn out-of-court videotaped statement by a child witness stating that Mr. Brende performed oral sex on him, this court would hesitate.  Reasonable doubt is often described as information the reliability of which would cause one to hesitate in the more important affairs of life such as buying a house or marrying a spouse.  If that is reasonable doubt, this court would have reasonable doubt based on the evidence in Mr. Brende's case.  There are numerous facts in the record which make this court hesitate:  the fact that the child witness testified at trial he regularly sees ghosts and talks to them, that a knife appeared under his pillow while he was sleeping and he did not place it there, that he hits himself sometimes at school, screams, calls himself "stupid" and has "fits."  See Jury Trial Transcript, Vol. 3, at pp. 38-39, 41-43.  At least some of this behavior pre-dated the allegations of abuse against Mr. Brende.  Id. at pp. 41-43.

The inconsistencies in the child's description of events both during his live trial testimony and during his videotaped statement also give one pause.  In the videotaped interview, the child often changes details of his description

such as which order events happened in, where each event happened, and the state of undress of the child and Mr. Brende at various times.  He clearly stated in the videotaped interview that Mr. Brende placed his penis on the inside of the child's butt.  But in response to a question from the interviewer whether anything Mr. Brende did to the child was painful or hurt, the child answered "no."  Even at trial, his testimony varied significantly.  During his direct testimony, the child testified Mr. Brende placed his penis inside the child's butt.  On cross-examination, the child testified Mr. Brende's penis was only on the outside of the child's butt in the butt crack.

There are other aspects of the child's testimony that differ significantly from testimony typically received in child molestation cases.  Whereas most pedophiles spend time "grooming" their victims, gradually coaxing the victim into allowing more and more invasive, intimate contact, here the child testified Mr. Brende only made advances on him a single time and never tried touching him offensively either before or after that one event.  See Jury Trial Transcript, Vol. 3, pp. 43-44.  The child spent the night at Mr. Brende's house approximately 30 times.  Id.  This lack of any grooming behavior by Mr. Brende in light of ample opportunity to do so also gives one pause.

But AEDPA does not call upon this court to making a finding of guilt on a blank slate.  Instead, this court is asked to determine if the state court's findings of fact were unreasonable in light of the evidence presented in the trial.  See 28 U.S.C. § 2254(d)(2).

29

The record does not reveal what the jury in Mr. Brende's trial found persuasive.  Judge Peter Lieberman was the state circuit court judge who conducted the habeas hearing on Mr. Brende's state habeas petition, and we do have a record of what Judge Lieberman thought.  He stated the following specifically about the videotaped interview with the child witness/victim:

> I well understand now why the state wanted the Court to see the Child's Voice interview because the Child's Voice interview was very powerful, far more powerful than at least Child's Voice interviews in my recent memory.  The Child's Voice interview gave every evidence that this was a child who was being honest in relating what occurred.  He related it in some detail.  It was unpleasant to hear, but it was in some detail.  And certainly the child was talking about [sexual acts] that were outside the purview or understanding of a child of that age.  And again, [Mr. Brende's counsel's] argument is that the child knew about these things because of a prior incident of abuse.  That clearly is a decision for the jury to make.  But there was every evidence of the honesty of [the child] in viewing the Child's Voice interview, even to the point where clearly this child completely trusted Mr. Brende, never referred to him as Steve or Mr. Brende, always called him Uncle or Uncle Brende.  And it was clear to the Court that [the child] took no satisfaction or delight in giving the testimony or answering the questions.  There was some reluctance and some sadness in the child's voice, and I'm talking about [the child's] voice here, when he said that "Uncle Steve told me not to tell; it's our secret; and if I do tell I'll never see Uncle Steve again."  And then in a very sad voice the young [child] said, "And he was right." . . .  The Court finds the Child's Voice interview to have a tremendous emotional impact.  And it was up to the jury to determine whether this particular young [child] was telling the truth.  And at least in this Court's mind there was every indication from the interview that I saw, that [the child], sadly, was telling the truth about the abuse that he suffered.

<u>See</u> State Habeas Hearing Transcript at pp. 61-62.

Obviously, two people can view the child's videotaped forensic interview and see things differently.  While this court may watch it and be struck by factual inconsistencies in the child's testimony, another court, equally

30

experienced, presumably equally exposed to similar criminal cases in the past, can watch it and be utterly convinced of the verity of what is portrayed. Accordingly, this court cannot conclude that the state proceedings against Mr. Brende "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See 28 U.S.C. § 2254(d)(2).  That this court and the state court saw the evidence differently simply means that reasonable minds could differ, not that one decision is "unreasonable" and the other decision "right."  This court is mindful of the Supreme Court's admonition in federal habeas review of state court convictions:  "a federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court.  The federal court instead may do so only if the state court decision was 'objectively unreasonable.' " Coleman, 132 S. Ct. at 2062 (quoting Cavazos, 132 S. Ct. at 4).

      As to the state court's application of federal law, a state court decision is "contrary to" clearly established federal law if it "applies a rule that contradicts the governing law set forth in Supreme Court cases or if it confronts a set of facts that are materially indistinguishable from a decision of the Court and nevertheless arrives at a result different from the Court's precedent." Williams v. Taylor, 529 U.S. 362, 405-06, (2000).  Here, the federal law applicable to a Due Process sufficiency of the evidence issue is the standard established in Jackson:  whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements

31

of the crime beyond a reasonable doubt.  <u>Jackson</u>, 443 U.S. at 319.  This is the exact standard the South Dakota Supreme Court applied to resolve the sufficiency issue on Mr. Brende's direct appeal.  <u>Brende</u>, 835 N.W.2d at 140, 142 (quoting <u>Jackson</u>, 443 U.S. at 318-19).  This court has not found any United States Supreme Court case with materially indistinguishable facts, let alone such a decision where the outcome of the case is different from the outcome of the state court's decision in Mr. Brende's case.  This court concludes that the South Dakota Supreme Court's decision in <u>State v. Brende</u> was not contrary to nor an unreasonable application of federal law.

No purpose would be served by holding an evidentiary hearing in this case, though in this court's opinion, the sufficiency issue is a close question. The issue is not one framed as ineffective assistance of counsel, so former counsel's testimony about the reasons certain actions were taken or not taken is not relevant.  Neither members of Mr. Brende's trial jury nor the South Dakota Supreme Court, the two bodies whose decisions are under review here, would be allowed to testify at such a hearing.  No newly discovered evidence is alleged by Mr. Brende.  Even if one could retry the case, the child victim was seven years old at the time of the abuse, nine years old at the time of the state court trial, and would be 13 years old currently.  The child simply is not today the same person that testified before Mr. Brende's jury in 2012.  The intervening years would have brought about greater maturity, the child's experiences in life and in testifying in this case have no doubt changed the child in ways both predictable and unpredictable.  In short, even if this case

32

were retried, there is no way to replicate the evidence the original jury saw and heard when they voted unanimously to convict Mr. Brende.  Furthermore, the review dictated by 28 U.S.C. § 2254(d)(2) contemplates a review of the record, not a retrial.  Accordingly, no evidentiary hearing is recommended.

The court concludes that the South Dakota Supreme Court's decision that there was constitutionally sufficient evidence to sustain Mr. Brende's first-degree rape conviction was not an unreasonable finding of fact nor an unreasonable application of federal law.  The court recommends denying habeas relief on this basis.[5]

### b.    Sufficiency of the Evidence as to Time of Events

On direct appeal, Mr. Brende argued there was insufficient evidence that the crimes occurred during the time period alleged in the indictment.  Mr. Brende does *not* appear to be reasserting this argument in his federal habeas petition as there is no mention of dates whatsoever in Ground II of his habeas petition.  See Docket No. 1 at p. 6.  However, because he clearly is asserting a sufficiency of the evidence claim herein, the court addresses whether the South Dakota Supreme Court's decision regarding the time of the events alleged was a reasonable finding based on the record before the court.

---

[5] The court notes that Mr. Brende never asserts any claim based on his Sixth Amendment confrontation rights regarding his first-degree rape conviction resting solely on an out-of-court interview of the child witness.  The Confrontation Clause applies to bar the "admission of testimonial statements of a witness who did not appear at trial." Crawford v. Washington, 541 U.S. 36, 53-54 (2004).  Here, the child witness did appear at trial and was cross-examined by Mr. Brende's counsel.  Furthermore, the Confrontation Clause is a completely distinct constitutional basis for collaterally attacking a conviction than the Due Process clause.  The court will not address claims that are not before it.

The indictment alleged the sexual contact and first-degree rape occurred between August 1, 2010, and November 30, 2010.  Brende, 835 N.W.2d at 143. The child victim/witness had difficulty with the concept of time.  Id. at 144. During the dates alleged in the indictment, the child was seven years old and in second grade.  Id.  However, the child stated in his forensic interview (played to the jury) that the sexual acts took place when he was six years old and in first grade.  Id.

The court held the prosecution otherwise proved the events took place during the 2010 time frame alleged in the indictment.  Id. at 144-45, 144 n. 11. For example, the child testified the events took place in Mr. Brende's apartment, and other evidence showed Mr. Brende first moved into the apartment in question in September or October of 2010.  Id. at 144 n.11.  The child testified the events took place when he spent the night at Mr. Brende's home; other evidence showed the child spent the night at Mr. Brende's home in November, 2010, and again on New Year's Eve in 2010, but that on the latter occasion he called his parents to pick him up early.  Id.  The court held the prosecution sufficiently proved the events took place during the time period alleged in the indictment.  Id. at 144-45.

Furthermore, the court noted that the vagaries of the child's recollection of dates did not deprive Mr. Brende of a defense.  Id. at 144-45.  His defense at trial was the events alleged never took place at all, not that it was impossible for the events to have occurred during the time frame alleged in the indictment. Id.  The court concludes that the South Dakota Supreme Court's finding that

34

sufficient evidence existed in the record as to the dates alleged in the indictment was reasonable based upon the evidence in the record.  See Sexton v. Kemna, 278 F.3d 808, 814 (8th Cir. 2002) (rejecting a challenge to sufficiency of the evidence to prove sodomy occurred within the dates alleged in indictment).

### 2.    State v. Zoss and Brady

Mr. Brende also appears to be alleging in Ground II that the prosecution violated the rule in Brady v. Maryland, 373 U.S. 83 (1963).  The Brady Court held that the Due Process clause requires the prosecution to disclose to the defendant any favorable evidence that is material to guilt or punishment and not otherwise available to the defendant.  Brady, 373 U.S. at 87.  "To prove a violation [of the rule announced in Brady], the defendant must show that the evidence was both favorable and material, and that the government suppressed the evidence."  United States v. Santisteban, 501 F.3d 873, 877 (8th Cir. 2007).  A Brady violation occurs when the prosecution suppresses evidence not otherwise available to the defendant and fails to disclose the evidence in time for the defendant to use it.  Id. at 878.  The Zoss decision, cited by Mr. Brende in Ground II, dealt with an alleged Brady violation.  See State v. Zoss, 360 N.W.2d 523, 524-26 (S.D. 1985).

There are two reasons Mr. Brende cannot obtain federal habeas relief on a Brady claim.  First, and most importantly, he did not raise this claim on direct appeal and he did not raise this claim in the appeal from the denial of habeas relief by the circuit court.  Therefore, the claim is not exhausted.  The

35

time for taking an appeal of this issue has long since passed, so the claim is also procedurally defaulted.  See SDCL § 21-27-18.1; Coleman, 501 U.S. at 731-32, 735 n.1.  Mr. Brende has not established cause and prejudice to excuse the procedural default.  Accordingly, this court cannot entertain the Brady claim referenced by Mr. Brende in Ground II of his habeas petition because it has not been exhausted, it can no longer be exhausted, and no grounds have been shown to excuse the failure to exhaust.

In addition, even if the Brady claim were properly before this court, Mr. Brende has not alleged sufficient facts to even make out a claim under Rule 12(b)(6).  At a minimum, he needs to show *what* evidence the prosecution withheld from him, show that said evidence was favorable and material to his guilt or punishment, and, finally, show that the evidence was not otherwise available to him.  Santisteban, 501 F.3d at 877.  Mr. Brende has shown none of these things.  All he has done is invoke the principle of Brady.  This conclusory statement is insufficient to entitle him to an evidentiary hearing or to habeas relief.  Id.  See also Iqbal, 556 U.S. at 679 (conclusory allegations do not suffice to rebut a Rule 12(b)(6) motion); Bryson v. United States, 268 F.3d 560, 562 (8th Cir. 2001) (vague and conclusory habeas claims do not entitle a petitioner to relief); Spillers v. Lockhart, 802 F.2d 1007, 1009-10 (8th Cir. 1986) (same).  The court recommends denying federal habeas relief based on the assertion of a Brady claim.

36

### 3.    Spoliation

Mr. Brende also alleges "spoliation of evidence" in Ground II of his federal habeas petition.  However, he never states what evidence he claims the state spoiled.  This unsupported allegation cannot sustain his Due Process claim. Iqbal, 556 U.S. at 679; Bryson, 268 F.3d at 562; Spillers, 802 F.2d at 1009-10. Moreover, this claim was never exhausted in state court and is now procedurally defaulted.  The court recommends denying federal habeas relief based on a claim of spoliation.

### CONCLUSION

This magistrate judge respectfully recommends:

1.    that the respondents' motion to dismiss [Docket No. 17] be granted in its entirety and that Mr. Brende's § 2254 habeas petition be dismissed with prejudice;

2.    that Mr. Brende's motion to stop delays [Docket No. 13] be denied as moot;

3.    that Mr. Brende's motion to appoint counsel and motion for release of trial transcript [Docket No. 20] be denied as moot;

4.    that Mr. Brende's motion for dismissal burden of proof on insufficiency of evidence [Docket No. 27] be denied; and

5.    that Mr. Brende's motion for challenging state finding with evidence [Docket No. 28] be denied.

## NOTICE TO PARTIES

The parties have fourteen (14) days after service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained.  Failure to file timely objections will result in the waiver of the right to appeal questions of fact.  Objections must be timely and specific in order to require de novo review by the District Court.  Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

DATED September 19, 2016.

BY THE COURT:

_____
VERONICA L. DUFFY
United States Magistrate Judge