UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| STEVEN ALLEN BRENDE,<br><br>     Petitioner,<br><br>  vs.<br><br>DARIN YOUNG, WARDEN; AND MARTY JACKLEY, ATTORNEY GENERAL OF THE STATE OF SOUTH DAKOTA;<br><br>     Respondents. | 4:16-CV-04084-KES<br><br><br>ORDER ADOPTING REPORT AND RECOMMENDATION, DISMISSING PETITION, AND GRANTING CERTIFICATE OF APPEALABILITY IN PART |

  Petitioner, Steven Allen Brende, filed a pro se petition for writ of habeas corpus under 28 U.S.C. § 2254. Docket 1. In his petition, Brende seeks habeas relief on four grounds. *Id.* The petition was assigned to United States Magistrate Judge Veronica L. Duffy under 28 U.S.C. § 636(b)(1)(B), and this court's October 16, 2014, standing order. On July 18, 2016, respondents moved to dismiss Brende's petition. Docket 17. Respondents argued that Brende failed to exhaust his claims and failed to state a claim upon which habeas relief could be granted. *Id.*

  On September 19, 2016, Magistrate Judge Duffy filed a report and recommendation that recommended dismissal with prejudice of all of Brende's habeas claims. Docket 29. In her report and recommendation, Magistrate Judge Duffy recommends that Grounds I, III, and IV of the petition be dismissed because Brende failed to raise these grounds before the South

1

Dakota Supreme Court in his appeal from the denial of his state habeas petition. *Id.* at 13. Therefore, Magistrate Judge Duffy recommends that these claims be found procedurally defaulted, and because Brende failed to establish cause and prejudice to excuse this default, Magistrate Judge Duffy recommends these claims be dismissed. *Id.* at 17. Magistrate Judge Duffy recommends that Ground II of Brende's petition be dismissed because the South Dakota Supreme Court's decision that there was constitutionally sufficient evidence to sustain Brende's first-degree rape conviction was not an unreasonable finding of fact or application of federal law. *Id.* at 33.

The court's review of a Magistrate Judge's report and recommendation is governed by 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure. The court reviews de novo any objections to the magistrate judge's recommendations with respect to dispositive matters that are timely made and specific. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). In conducting its de novo review, this court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *United States v. Craft*, 30 F.3d 1044, 1045 (8th Cir. 1994).

Brende did not file objections to Magistrate Judge Duffy's report and recommendation. Although he has filed many motions, none of his filings can be construed as objections because none of them respond to Magistrate Judge Duffy's recommendations as outlined above. After de novo review of the record, the court adopts the report and recommendation in full and dismisses Brende's petition.

2

In his filings, Brende makes numerous requests to appeal the potential dismissal of his petition. "[A] state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition." *Miller-El v. Cockrell*, 537 U.S. 322, 335 (2003) (citing 28 U.S.C. § 2253). "Before an appeal may be entertained, a prisoner who was denied habeas relief in the district court must first seek and obtain a COA from a circuit justice or judge." *Id*. at 335–36. A certificate may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(2). A "substantial showing" is one that demonstrates "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The court finds that Brende fails to make a substantial showing that his constitutional rights were denied as to Grounds I, III, and IV because these claims are procedurally defaulted. Consequently, a certificate of appealability is not issued as to these claims. But, as outlined in detail by Magistrate Judge Duffy, reasonable jurists could disagree with the finding that Brende failed to state a claim that there was insufficient evidence to sustain his first-degree rape conviction as raised in Ground II. Therefore, a certificate of appealability is issued as to this claim.

Thus, it is ORDERED

1. Magistrate Judge Duffy's report and recommendation (Docket 29) is adopted in full.

2. Respondents' motion to dismiss (Docket 17) is granted, and Brende's petition is dismissed with prejudice.

3. Brende's motion to stop delays (Docket 13) is denied as moot.

4. Brende's motion to appoint counsel and for release of trial transcript (Docket 20) is denied as moot.

5. Brende's motion for dismissal burden of proof on insufficiency of evidence (Docket 27) is denied.

6. Brende's motion for challenging state finding with evidence (Docket 28) is denied.

7. Brende's motion to make demand of action and evidence be disclosed or excluded (Docket 30) is denied as moot.

8. Brende's motion for dismissal of state report and recommendation (Docket 31) is denied as moot.

9. Brende's motion for transport and dismissal (Docket 32) is denied as moot.

10. Brende's motion for dismissal of the state of South Dakota felony claim (Docket 33) is denied as moot.

11. A certificate of appealability is not issued as to Grounds I, III, and IV.

12. A certificate of appealability is issued as to the finding that Brende failed to state a claim that there was insufficient evidence to sustain his first-degree rape conviction and the dismissal of that

claim in Ground II.

Dated January 31, 2017.

>BY THE COURT:
>
>/s/ *Karen E. Schreier*
>KAREN E. SCHREIER
>UNITED STATES DISTRICT JUDGE