UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| STEVEN ALLEN BRENDE,<br><br>             Petitioner,<br><br>    vs.<br><br>DARIN YOUNG, WARDEN; AND MARTY JACKLEY, ATTORNEY GENERAL OF THE STATE OF SOUTH DAKOTA,<br><br>             Respondents. | 4:16-CV-04084-KES<br><br><br>ORDER DENYING MOTION FOR RECONSIDERATION AND DENYING AS MOOT MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL |

### INTRODUCTION

Petitioner, Steven Allen Brende, filed a pro se petition for writ of habeas corpus under 28 U.S.C. § 2254. Docket 1. The petition was assigned to United States Magistrate Judge Veronica L. Duffy under 28 U.S.C. § 636(b)(1)(B) and this court's October 16, 2014, standing order. Magistrate Judge Duffy recommended dismissal of Brende's petition. Docket 29. On January 31, 2017, this court adopted the recommendation and dismissed Brende's petition. Docket 35. Brende now moves to proceed in forma pauperis on appeal, Docket 38, and moves for reconsideration. Docket 42.

### DISCUSSION

**I.    Motion for Reconsideration**

Although "a self-styled motion to reconsider . . . 'is not described by any particular rule of federal civil procedure,' " the court typically construes "such a

1

filing as a Rule 59(e) motion to alter or amend the judgment or as a Rule 60(b) motion for relief from judgment." *Ackerland v. United States*, 633 F.3d 698, 701 (8th Cir. 2011) (quoting *Sanders v. Clemco Indus.*, 862 F.2d 161, 168 (8th Cir. 1988); citing *Auto Servs. Co. v. KPMG, LLP*, 537 F.3d 853, 855 (8th Cir. 2008)). "[A]ny motion that draws into question the correctness of the judgment is functionally a motion under Fed. R. Civ. P. 59(e), whatever its label." *Quartana v. Utterback*, 789 F.2d 1297, 1300 (8th Cir. 1986). In the Eighth Circuit, a court must find a manifest error of law or fact in its ruling to alter or amend its judgment under Rule 59(e). *See Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988).

Brende has not identified a manifest error. His motion for reconsideration reargues his point that the state did not present sufficient evidence at trial to convict him, which this court already rejected by adopting the report and recommendation. Brende also argues that he objected to the report and recommendation. He points to Docket 31 as his objections. In this document, however, Brende again merely argues that the state did not present sufficient evidence to convict him.

In the order adopting the report and recommendation, the court stated that Brende did not file objections to the report and recommendation. Docket 35 at 2. However, the court also stated that none of Brende's filings could be construed as objections because none of them responded to Magistrate Judge Duffy's recommendations. *Id.* Brende's motion to reconsider also does not respond to the report and recommendation or the deficiencies in his petition.

Because Brende does not provide any reason that the court should reconsider its judgment, the motion is denied.

## II.   Motion for Leave to Proceed In Forma Pauperis on Appeal

Under the federal rules, a habeas petitioner "who was permitted to proceed in forma pauperis in the district-court action . . . may proceed on appeal in forma pauperis without further authorization[.]" Fed. R. App. P. 24(a)(3). On June 15, 2016, Magistrate Judge Duffy granted Brende's motion for leave to proceed in forma pauperis. Docket 5. Therefore, Brende may proceed on appeal in forma pauperis without further authorization from this court.

Thus, it is ORDERED

1. Brende's motion for reconsideration (Docket 42) is denied.

2. Brende's motion to proceed in forma pauperis (Docket 38) is denied as moot because he may proceed without further authorization.

Dated March 7, 2017.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE